**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION – IN ADMIRALTY**

**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**

**Plaintiff,**

**v.** **Civil Action No. 4:26-cv-32**

**CORTNEY R. CUNNINGHAM**
**and,**
**KATIE A. WARLICK**

**Defendants.**

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff Travelers Property Casualty Company of America's ("Travelers" or "Plaintiff") Motion for Default Judgment against Defendant Cortney R. Cunningham ("Cunningham"), (ECF No. 18). Plaintiff filed a Complaint, (ECF No. 1), and Cunningham failed to respond. For the reasons outlined below, the undersigned RECOMMENDS that the court GRANT Plaintiff's Motion and enter default judgment against Cunningham.[1]

## I. PROCEDURAL HISTORY AND FACTS

Cunningham is the named insured on a policy for a 2017 23' Carolina Skiff, 23 Ultra Elite SS (the "Vessel") with Travelers for a one-year period running from July 28, 2024, through July 28, 2025. Compl. ¶¶ 1-2 (ECF No. 1, at 1-2). Cunningham was operating the Vessel, on which

[1] Granting Plaintiff's Motion for Default Judgment against Cunningham does not dispose of Defendant Katie A. Warlick's ("Warlick") case or controversy against Travelers. See Vt. Mut. Ins. Co. v. Everette, 875 F. Supp. 1181, 1184-86 (E.D. Va. 1995). "[W]hen an insured party is dismissed from a declaratory judgment action to determine coverage, [an] injured third party has standing to remain in the suit and defend the action." Id. at 1185 (citing Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345 (3d Cir. 1986); Hawkeye-Security Ins. Co. v. Schulte, 302 F.2d 174 (7th Cir. 1962)). Additionally, Virginia code allows an injured party to bring a direct action against an insurer when the injured party has obtained a judgment against the insured and that judgment remains unsatisfied. Va. Code Ann. § 38.2-2200 (West 2005).

Warlick was a passenger, on or around September 1, 2024, when the Vessel collided with a rock formation, causing severe injuries to both defendants. Id. ¶¶ 9-10, 12 (ECF No. 1, at 3). Cunningham and Warlick were married on October 27, 2023, and were spouses at the time of the incident. Id. ¶¶ 10-11; id. Attach. 2 (ECF No. 1-2). Warlick's Answer admitted the aforementioned facts, including the fact that she and Cunningham were married at the time of the incident. Warlick Answer ¶¶ 2, 9-13, 24 (ECF No. 17, at 1-4). In June of 2025, Warlick presented Travelers with a liability claim against Cunningham for personal injuries she sustained as a result of the incident. Compl. ¶ 20. (ECF No. 1, at 4). The policy with Travelers has a provision that excludes coverage for liability to the named insured's spouse or any insured. Id. ¶¶ 24-26; id. Attach. 1 ("Policy") (ECF No. 1-1, at 16) ("We do not provide coverage for . . . [l]iability to your spouse or any insured."). Based on this exclusion, Travelers issued coverage denial letters to both defendants. Compl. ¶ 21 (ECF No. 1, at 4).

Travelers filed its Complaint on March 6, 2026, alleging that the Policy's spousal exclusion provision precludes coverage in this case, and that Cunningham concealed or misrepresented the status of her marriage to Warlick, which voids the Policy. Id. ¶¶ 23-33 (ECF No. 1, at 4-6). Plaintiff's Complaint seeks an order that Travelers is not obligated to defend Cunningham or indemnify Cunningham for Warlick's claim against her, or any claim that Cunningham asserts on her own behalf, related to or arising out of the September 1, 2024, incident. Id. ¶ 39 (ECF No. 1, at 7). Cunningham was personally served with a summons on March 20, 2026, with an answer due April 10, 2026, (ECF No. 9), and Warlick was served by posting the summons on the front door of her usual place of abode on March 27, 2026, with an answer due by April 17, 2026, (ECF No. 10). On April 13, 2026, Warlick filed a Motion to Extend Time for Responsive Pleadings, (ECF No. 12), which was granted by this court, (ECF No. 13), and Warlick filed her Answer on

April 20, 2026, (ECF No. 17). Cunningham failed to file responsive pleadings, and the time for responding has expired. On April 22, 2026, Plaintiff requested Entry of Default against Cunningham, (ECF No. 14), which was entered by the Clerk on April 23, 2026, (ECF No. 16), and was served on Cunningham via posting on the door of her usual place of abode, (ECF No. 19-1). Plaintiff moved for default judgment on May 18, 2026, (ECF No. 18).

## II. ANALYSIS

This matter was referred to the undersigned Magistrate Judge. In accordance with § 636, on referral "[a] magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ." Fed. R. Civ. P. 72(b)(1). Thus, based on the District Judge's previous Referral Order, the undersigned will issue a recommended disposition of Plaintiff' Motion for Default Judgment, but reserve entry of final judgment to the District Judge, following an opportunity for objections pursuant to Rule 72(b). See also 28 U.S.C. § 636(b)(1)(C).

### A. Legal Standard for Default Judgment

Default judgment is appropriate where a defendant "has failed to plead or otherwise defend" against an action and that failure is demonstrated by an affidavit or other filing. Fed. R. Civ. P. 55(a); see also Chafin v. Chafin, 568 U.S. 165, 175 (2013). After securing entry of default, as Travelers has done here, a plaintiff may move for entry of default judgment. And, where a claim is not for a sum certain, the plaintiff must apply to the court, as opposed to the clerk, for entry of default judgment. Fed. R. Civ. P. 55(b)(2); EMI April Music, Inc. v. White, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009); S. Bank & Trust Co. v. Pride Grp., LLC, No. 2:14CV255, 2015 WL 410726, at *3 (E.D. Va. Jan. 28, 2015). Whether to grant default judgment lies within the sound discretion of the court. See Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953-54 (4th Cir. 1987).

In this case, Cunningham's response to the Complaint was due no later than April 10, 2026. See Fed. R. Civ. P. 12(a)(1)(A). By failing to answer or otherwise respond, Cunningham has admitted "the plaintiff's well-pleaded allegations of fact" in the Complaint. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001); see Fed. R. Civ. P. 8(b)(6). That is, she has admitted the allegations in the Complaint to the extent that the Complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Pride Grp., LLC, 2015 WL 410726, at *4 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Necessarily then, the Court must evaluate the sufficiency of the Complaint to support the causes of action alleged. See, e.g., id.; Joe Hand Promotions, Inc. v. Citibars, Inc., 2:11-cv-58, 2012 WL 503212, at *3 (E.D. Va. Feb. 8, 2012) (citing Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians, 155 F.3d 500, 506 (4th Cir. 1998)) ("[T]he Court must nevertheless determine whether Plaintiff's complaint states a claim upon which relief can be granted.").

**B. Declaratory Judgment Complaint[2]**

Plaintiff's Complaint, (ECF No. 1), and Motion for Default Judgment, (ECF No. 18), establish that Plaintiff brought this action seeking to determine its obligations to Cunningham and Warlick related to and arising out of the September 1, 2024, incident. Compl. (ECF No. 1). Travelers alleged two causes of action: (1) the spousal exclusion in the Policy precluded coverage, and as such, Travelers is not obligated to defend or indemnify Cunningham for Warlick's claim, and (2) Cunningham intentionally misrepresented the status of her marriage with Warlick, which would void the Policy. Mem. L. Supp. Mot. Default J. ("Pl.'s Mem.") (ECF No. 19, at 7-9); Compl. ¶¶ 23-33 (ECF No. 1, at 4-6).

---

[2] This analysis applies only to the allegations admitted by Cunningham through her failure to answer. Warlick contests some of these facts and conclusions in her Answer. See Warlick Answer (ECF No. 17). Travelers is not seeking default judgment regarding the merits of Warlick's claim against Travelers. Pl.'s Mem. (ECF No. 19, at 7).

Virginia law treats an insurance policy as a contract that must be interpreted "in accordance with 'the plain meaning that reasonable insurers and insureds likely would have attributed to the words' of the policy." Midlothian Enters., Inc. v. Owners Ins. Co., 439 F. Supp. 3d 737, 740-41 (E.D. Va. 2020) (quoting Erie Ins. Exch. v. EPC MD 15, LLC, 822 S.E.2d 351, 354-55 (Va. 2019)). If an insurance policy is unambiguous, the court must enforce it as written. Id. at 741 (citing State Farm Fire & Cas. Co. v. Walton, 423 S.E.2d 188, 191 (Va. 1992)). Travelers' Policy explicitly states that it does "not provide coverage for liability to [the insured's] spouse or any insured." Policy (ECF No. 1-1, at 16). The Complaint affirmatively alleges, and Warlick's Answer confirms, that Cunningham and Warlick were legally married at the time of the September 2024 incident. See Compl. ¶ 24 (ECF No. 1, at 5); Warlick Answer ¶ 24 (ECF No. 17, at 4). By not responding, Cunningham has admitted to the legal effect of the spousal exclusion provision under the Policy. The admitted allegations as to Cunningham establish that the Policy excludes coverage for liability to the named insured's spouse, and therefore, that Travelers is not obligated to defend or indemnify Cunningham for Warlick's Claim. Compl. ¶¶ 25-27 (ECF No. 1, at 5).

In count two, Travelers alleges that Cunningham misrepresented the status of her marriage to Warlick, following a request by Travelers for a copy of their marriage certificate, in an attempt to secure coverage for her spouse.[3] Id. ¶ 30. If an "insured intentionally conceals or misrepresents any material fact or circumstance," the Policy would be void. Policy (ECF No. 1-1, at 13). The admitted allegations establish that the marital status of Cunningham and Warlick was a material fact or circumstance under the Policy, and that Cunningham intentionally misrepresented that fact to Travelers. Id. ¶ 32. Based on the plain language of the exclusion, Cunningham's intentional

[3] As noted in their brief, Travelers does not allege an independent fraud claim and thus does not need to allege each element of fraud under Virginia law. See Pl.'s Mem. (ECF No. 19, at 9).

misrepresentation of this material fact or circumstance voids her protection under the Policy, and therefore Travelers is not obligated to provide coverage to Cunningham. Id. ¶ 33.

## III. RECOMMENDATION

Based on the foregoing reasons, the undersigned RECOMMENDS that the court GRANT Travelers's Motion for Default Judgment, (ECF No. 18), and enter judgment against Cunningham and in favor of Travelers on its claim for declaratory judgment, in the form of the Order attached to this Recommendation as Exhibit A.

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court

based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia

July 22, 2026

**Clerk's Mailing Certificate**

A copy of the foregoing Report and Recommendation was mailed this date to:

**Cortney R. Cunningham**
220 Creekview Lane
Hampton, Virginia 23669

and an electronic copy was provided to:

**John J. Siegner, III, Esq.**
**Parker E. Allen, Esq.**
Allen, Allen, Allen & Allen, P.C.
106 South Market Street
Petersburg, Virginia 23803
*Counsel for Defendant Katie Warlick*

**Christopher A. Abel**
**Michael D. Collett**
Wilcox & Savage, P.C.
440 Monticello Avenue
Suite 2200
Norfolk, Virginia 23510
*Counsel for Plaintiff*

Laura G. Griffin, Clerk

By ____________________
Deputy Clerk

__________________, 2026

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION – IN ADMIRALTY**

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

Plaintiff,

v.

CORTNEY R. CUNNINGHAM

and

KATIE A. WARLICK

Defendants.

Case No. 4:26-cv-00032-AWA-DEM

**ORDER OF DEFAULT JUDGMENT
AGAINST DEFENDANT CORTNEY R. CUNNINGHAM**

This cause having come before the Court on the Motion for Default Judgment by Plaintiff Travelers Property Casualty Company of America (hereinafter, "Travelers"), by counsel, for default judgment against Defendant Cortney R. Cunningham (hereinafter, "Defendant Cunningham"), and having reviewed the record herein, the Court finds that:

1. On March 6, 2026, Travelers filed its Declaratory Judgment Complaint (Dkt. No. 1) and a Proposed Summons for Defendant Cunningham (Dkt. No. 4).

2. On March 6, 2026, the Clerk of Court entered the Summons in a Civil Action for Defendant Cunningham (Dkt. No. 6).

3. On March 20, 2026, Travelers effectuated service of process on Defendant Cunningham via a private process server. Travelers filed the proof of service on March 25, 2026 (Dkt. No. 9).

4. Travelers completed the required procedural requirements to serve Defendant

Cunningham.

5. Defendant Cunningham's Answer was due no later than April 10, 2026.

6. Defendant Cunningham failed to file her Answer on or before April 10, 2026.

7. On April 22, 2026, Travelers filed its Motion for Entry of Clerk's Default (Dkt. No. 14) and its Memorandum in Support (Dkt. No. 15).

8. On April 23, 2026, the Clerk of Court entered Clerk's Default against Defendant Cunningham (Dkt. No. 16).

9. On April 24, 2026, Travelers effectuated service of its Motion for Entry of Clerk's Default and Memorandum in Support, and the Clerk's Entry of Default on Defendant Cunningham.

10. Defendant Cunningham still has failed to appear in this matter.

11. The Court evaluated the seven-factors outlined in *EMI April Music, Inc. v. White*, 618 F.Supp. 2d 497 (E.D. Va. 2009) and finds that the factors support granting default judgment.

Accordingly, Travelers' Motion for Default Judgment is **GRANTED**. Default Judgment is hereby entered against Defendant Cortney R. Cunningham. It is the Order of this Court that Travelers Property Casualty Company of America is not obligated under Travelers Policy No. 0CFZ84-601048735-830-1, which Travelers Property Casualty Company of America issued to Defendant Cunningham, to insure her 2017 23' Carolina Skiff, 23 Ultra Elite SS (Hull Identification Number: CSYX0103F717; Virginia Registration Number: VA6598CA), to defend Defendant Cunningham against, nor indemnify Defendant Cunningham for, Defendant Katie A. Warlick's claim, or for any claim that Defendant Cunningham may file on her own behalf, as a result of or arising out the Vessel's allision with rocks in the vicinity of the Grandview Nature Preserve in Hampton, Virginia, on or about September 1, 2024.

**IT IS SO ORDERED.**

BY THE COURT

______________________________

**United States District Court for the Eastern District of Virginia**

DATED: ______________________