UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CORTNEY R. CUNNINGHAM and KATIE A. WARLICK,<br><br>Defendants. | Civil No. 4:26cv32 |

**FINAL ORDER**

Pending before the Court are a Motion for Default Judgment against Defendant Cortney R. Cunningham (the "Motion") (ECF No. 18) and a Memorandum in Support thereof (ECF No. 19) filed by Plaintiff Travelers Property Casualty Company of America ("Plaintiff" or "Travelers"). Therein, Plaintiff seeks default judgment declaring that Travelers was not required to provide insurance coverage under Travelers Policy No. 0CFZ84-601048735-830-1 (the "Policy"), for any defenses, damages, losses, or expenses incurred or suffered by Defendant Cortney R. Cunningham ("Ms. Cunningham") as a result of or arising out the allision of her 2017 23' Carolina Skiff, 23 Ultra Elite SS (Hull Identification Number: CSYX0103F717; Virginia Registration Number: VA6598CA) (the "Vessel") with rocks in the vicinity of the Grandview Nature Preserve in Hampton, Virginia, on or about September 1, 2024. Mem. Supp. at 2, ECF No. 19. No responses were filed to the Motion.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B), and by order of reference dated June 26, 2026, this matter was referred to United States Magistrate Judge Douglas E. Miller ("Judge Miller") for a report and recommendation ("R&R"). Order, ECF No. 20. On July 22, 2026, Judge Miller filed an R&R wherein he recommended that the Motion be granted, and that default judgment be entered against Ms. Cunningham. R&R at 6, ECF No. 21.

By copy of the R&R, each party was advised of the right to file written objections to the findings and recommendations made by Judge Miller within 14 days. *Id.* No party filed any objections. The Motion is therefore ripe for adjudication. When a magistrate judge's disposition has been properly objected to, the district judge must make *de novo* findings with respect to the portions objected to. Fed. R. Civ. P. 72(b)(3). However, "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (advisory committee's note on rules—1983).[1] The Court has reviewed the Motion, the R&R, the record, and the governing law, and finds no clear error on the face of the record.

Accordingly, the Court hereby **ORDERS** and **ADJUDGES** as follows:

1. The R&R (ECF No. 21) is **ACCEPTED** and **ADOPTED**.

[1] "The timely filing of objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to object will waive appellate review." *Berry v. Hunt*, 13 F. App'x 148, 149 (4th Cir. 2001). As the parties were so warned, *see* R&R at 6, ECF No. 21, and did not file objections, appellate review of this Order has been waived.

2. Plaintiff's Motion (ECF No. 18) is **GRANTED**.

3. Default Judgment is **ENTERED** against Ms. Cunningham.

4. It is hereby **ORDERED** that Plaintiff is not obligated under the Policy, which Plaintiff issued to Ms. Cunningham, to insure the Vessel, to defend Ms. Cunningham against, nor indemnify Ms. Cunningham for, Defendant Katie A. Warlick's claim, or for any claim that Ms. Cunningham may file on her own behalf, as a result of or arising out the Vessel's allision with rocks in the vicinity of the Grandview Nature Preserve in Hampton, Virginia, on or about September 1, 2024.

The Clerk is **DIRECTED** to please provide a copy of this Order to all counsel of record and to Ms. Cunningham.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
Senior United States District Judge

August 14, 2026
Norfolk, Virginia